United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MICHELLE L. GARCIA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00175 |
| | § | |
| CITY OF GALVESTON, TEXAS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

In this civil rights action, Plaintiff Michelle Garcia has sued the City of Galveston, Texas,[1] and James Stewart, a police officer for the City. Defendants have each filed motions to dismiss. *See* Dkts. 19, 24. For the reasons discussed below, I grant both motions to dismiss.

## BACKGROUND

Garcia alleges that, "[i]n July 2021, Stewart repeatedly searched [Garcia]'s personal information through Galveston Police Department mobile records systems and related law-enforcement databases." Dkt. 1 at 4. Specifically, "access logs reflect that Stewart conducted at least sixteen (16) unauthorized mobile name searches involving 'Garcia, Michelle Lynn' and 'Garcia-Ramirez, Michelle Lynn' during July 2021." *Id.* "On February 6, 2024, Stewart again used restricted investigative systems, including [TLOxp (a TransUnion company)], to search [Garcia] on two (2) additional occasions and to search individuals associated with

[1] Garcia has also sued the Chief of Police of the Galveston Police Department, Doug Balli, in his official capacity only. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because Balli is sued only in his official capacity, and because Garcia named and served the City, Balli's presence in this lawsuit is unnecessary and redundant.

[Garcia], bringing the total known unauthorized searches involving [Garcia] to at least eighteen (18) occasions." *Id.* at 5.

Garcia first learned about "Stewart's repeated unauthorized access to her personal information on or about June 4, 2024, when she was contacted by Internal Affairs Investigator Marcus Morrison regarding an ongoing Galveston Police Department investigation into Stewart's misuse of restricted law-enforcement databases." *Id.* at 7.

Garcia instituted this lawsuit against the City and Stewart on June 4, 2026. Garcia asserts two claims against Stewart: (1) violation of the Fourth Amendment right against unreasonable searches/invasion of privacy under 42 U.S.C. § 1983; and (2) violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721–25. Garcia asserts § 1983 municipal liability against the City.

**LEGAL STANDARD**

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings*

*v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### A. GARCIA HAS NOT PLEADED A CONSTITUTIONAL VIOLATION

Throughout her complaint, Garcia alleges only that Stewart "conducted improper searches" and accessed her "personal information." Dkt. 1 at 2. But Garcia does not identify *what* information was accessed. Indeed, Garcia admits in her complaint that she does not know "what information Defendant Stewart accessed, how often it was viewed, whether information was retained, shared, downloaded, copied, disseminated, or used for improper purposes, or whether additional unauthorized access occurred beyond what was disclosed." *Id.* at 8. Garcia alleges generally that the "information available through TLO and related law-enforcement databases, includ[es] addresses, relatives, vehicle information, associates, and personal identifying information." *Id.* at 8. Garcia does not identify, however, what specific information Stewart accessed pertaining to Garcia. The paucity of these allegations is insufficient to plead a constitutional violation.

The Fifth Circuit has already held that "[a] motorist has no privacy interest in her license plate number." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 529 (5th Cir. 1999). If Garcia's license plate number is all that Stewart accessed, then even if Stewart's electronic searches were unauthorized, there still was not a search or an invasion of privacy under the Fourth Amendment. Unless the court knows what information Stewart accessed, it is impossible to even begin analyzing whether that information is constitutionally protected. Thus, I find that Garcia fails

to plausibly allege a constitutional violation.[2] Because Garcia has not plausibly alleged a constitutional violation, her § 1983 claims against Stewart and the City must be dismissed.

### B. Garcia Has Not Alleged that Stewart Violated the DPPA

The DPPA creates a private right of action against any "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]." 18 U.S.C. § 2724(a). The term "'personal information' means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." *Id.* § 2725(3). The term "'motor vehicle record' means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." *Id.* § 2725(1).

Garcia's DPPA claim against Stewart fails for the same reason as her § 1983 claims—Garcia does not allege what information Stewart obtained. Garcia alleges only "[o]n information and belief" that "Stewart accessed or used information derived from [Garcia]'s motor vehicle records or from a database containing protected motor-vehicle-record information." Dkt. 1 at 12. But alleging that Stewart accessed motor-vehicle-information, without more, is a legal conclusion

[2] Even if Garcia had identified what information Stewart accessed, Stewart is almost certainly entitled to qualified immunity. Government officials sued in their individual capacity under § 1983 are entitled to qualified immunity, which is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "[T]he qualified-immunity inquiry has two prongs: (1) whether an official's conduct violated a constitutional right of the plaintiff, and (2) whether that right was clearly established at the time of the violation." *Rockwell v. Brown*, 664 F.3d 985, 990–91 (5th Cir. 2011). Garcia "acknowledges that no controlling decision has held that such access is a Fourth Amendment search." Dkt. 31 at 21. Rather, Garcia "asks that the Court address the first prong so that the constitutional theory is resolved on its merits rather than left undecided." *Id.* at 22. As explained above, Garcia has not supplied me with enough information to undertake this analysis.

that I am not required to credit as true. In her response brief, Garcia contends that the facts incorporated into paragraph 71 of her complaint "identify the personal information implicated, including addresses and vehicle information." Dkt. 31 at 13. But the only such mention of addresses in the complaint is Garcia's allegation that she "experienced significant fear and loss of personal security after learning . . . the nature of information *available* through TLO and related law-enforcement databases, including addresses, relatives, vehicle information, associates, and personal identifying information." Dkt. 1 at 8. Just because information was *available* through a database does not mean that Stewart obtained such information. To infer that he did would be an implausible leap. This is particularly true given Garcia's allegation that she possesses "material facts [that] were later produced through Texas Public Information Act requests." *Id.* at 7. Those "material facts" should be included in Garcia's pleading.

In her response briefing, Garcia attempts to supplement her complaint with additional facts, arguing:

> The systems identified in the Complaint are not generic internet databases. TLETS, the Texas Law Enforcement Telecommunications System, is the network through which officers query state department of motor vehicles records, which are motor vehicle records in the absolute sense of § 2725(1). A local "mobile name search" through the department's terminal automatically executes a query that extracts a local master profile containing the licensee's home address, date of birth, driver identification number, and state-issued photograph. Similarly, TLOxp is a restricted commercial investigative portal operated by TransUnion that directly aggregates and logs these identical DMV-derived master profiles, mandating a statutory certification before each query. Because these platforms are built specifically to serve as processing interfaces for state motor vehicle records, identifying them explicitly by name outlines a highly detailed data transmission loop. The Complaint's allegation that Stewart's searches reached information derived from Plaintiff's motor vehicle records (Doc. 1 ¶ 71) is therefore a robust factual assertion that easily satisfies federal pleading standards.

Dkt. 31 at 13–14.

This allegation is "robust" only when one considers the information supplied in Garcia's response briefing. "As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court." *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021); *see also Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990). Thus, I do not consider the facts that Garcia offers for the first time in response to Stewart's motion to dismiss when deciding whether she has stated a DPPA claim.

## CONCLUSION

For the reasons discussed above, I grant Defendants' motions to dismiss. *See* Dkts. 19, 24. I will, however, give Garcia leave to amend her complaint. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) ("Normally, plaintiffs facing a motion to dismiss go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint."). If Garcia believes that she can allege facts that would cure the deficiencies identified above, then Garcia may file an amended complaint by Friday, November 20, 2026.

Because the holiday season is upon us, I will extend all briefing deadlines by an extra week. Defendants' motions to dismiss, if any, are due Friday, December 18, 2026. Garcia's response, if any, is due Friday, January 15, 2027. Defendants' replies are due Friday, January 29, 2027. The parties are welcome and encouraged to modify these dates by agreement. To do so, the parties need only send a joint email to my case manager, Vanesa Pacheco (vanesa_pacheco@txs.uscourts.gov), informing the court of the agreed-upon dates.

SIGNED this 29th day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE